INGRAM, Judge.
In March 1987, custody of Jennifer Nicole Adaway was transferred to the Blount County Department of Human Resources. The order calling for transfer was issued due to the fact that her custodial parent, Timothy Adaway, had been arrested and was in the custody of the Blount County Sheriffs Department. On April 20, 1987, Shirley Bruland, the natural mother of Jennifer, filed with the Juvenile Court of Blount County a petition requesting that Jennifer be found dependent and that custody be granted to her. A petition requesting custody was also filed by Teresa Ada-way, the great-aunt of Jennifer.
A hearing was held in June 1987. All parties agreed that Jennifer Nicole Adaway was dependent and so stipulated. On July 7,1987, the Juvenile Court of Blount County ordered that temporary legal custody of Jennifer be granted to the Blount County Department of Human Resources for a period of six months and that the child be placed in the home of her natural mother, Shirley Bruland, in Dewitt, Virginia, with supervision of the placement by the Din-widdie County Department of Social Services. At the end of six months, the Blount County department was to be relieved of custody, provided that the Dinwiddie County Department of Social Services reported no problems in the home during the six-month period. All relief requested by Teresa Adaway was- denied, and she appeals from the decision of the trial court.
The dispositive issue on appeal is whether the trial court erred in awarding custody to the child’s natural mother and not to a paternal great-aunt.
In this state, a natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628, 632 (Ala.1986):
“ ‘The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).’ [Mathews v. Mathews ] 428 So.2d at 59 [(Ala.Civ.App.1982) ] [emphasis in Terry
In the present case, the mother has not been found to be unfit. The court was provided with a home study on Shirley Bru-land, prepared by the Dinwiddie County Department of Social Services, stating that Mrs. Bruland could provide a good home environment for her daughter. The appellant argues that Mrs. Bruland has abandoned her daughter through her move to Virginia and is therefore not entitled to custody. However, the record reveals that Mrs. Bruland had attempted to locate her daughter at various times. Her efforts were impeded by a legitimate fear of the child’s father, who had refused to allow her to see the child and had physically abused her in the past.
As stated above, a natural parent has a prima facie right to his or her child as against the right of custody in a nonparent. Terry, supra. As the mother was not found to be unfit, the trial court had no course other than to award custody of Jennifer to the natural mother, Shirley Bru-land.
*1341 This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.